UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| CRISTOBAL AGUIRRE, JR., | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. L-08-118 |
| | § | |
| DIRECTOR TDCJ/CID NATHANIEL A. | § | |
| QUARTERMAN, | § | |
| | § | |
| Respondent. | § | |

<u>REPORT AND RECOMMENDATION</u>

Petitioner Cristobal Aguirre, Jr. ("Aguirre"), Prisoner ID No. 1365859, is a state inmate confined by the Texas Department of Criminal Justice-Correctional Institutions Division (the "TDCJ"). Respondent is Nathaniel A. Quarterman, TDCJ Director. Aguirre, appearing *pro se*, has filed a Petition for a Writ of Habeas Corpus by a Person in State Custody (the "Petition"), challenging a state court judgment of conviction pursuant to 28 U.S.C. § 2254.

The undersigned Magistrate Judge has reviewed the Petition in accordance with Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1] Based on this review, the Magistrate Judge concludes that, prior to filing the Petition in federal court, Aguirre failed to exhaust the

---

[1] "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." 28 U.S.C. § 2254 R. 4.

remedies available in state court. As such, the Magistrate Judge RECOMMENDS that this case be DISMISSED.

Background

According to the Petition, Aguirre was tried in the 49th Judicial District Court, Zapata County, Texas. (Dkt. No. 1 at 5.) A jury convicted Aguirre of aggravated assault on a public servant. (Id.) A judgment of conviction was entered on March 28, 2006. (Id.) Aguirre was sentenced to thirty-five years' imprisonment. (Id.)

Aguirre appealed the judgment of conviction through direct appeal to the Fourth Court of Appeals. (Id. at 6.) On July 18, 2007, the Court of Appeals affirmed Aguirre's conviction.[2] Aguirre v. State, No. 04-06-00499-CR (Tex. App.—San Antonio delivered and filed July 18, 2007) (not designated for publication). In the Petition, Aguirre indicates that he did not file a petition for discretionary review with the Texas Court of

---

[2] In this regard, the Court must clarify Aguirre's declarations in the Petition. Aguirre states that the Court of Appeals "Denied" his direct appeal. (Dkt. No. 1 at 6.) The Court understands this to mean that the Court of Appeals denied Aguirre's sought-after relief, i.e., reversal of his conviction. Furthermore, Aguirre states that the date of the Court of Appeal's decision was September 19, 2007. (Id.) A review of the Fourth Court of Appeal's memorandum opinion in Aguirre's case indicates that the opinion was signed on July 18, 2007. It appears, however, that the Court of Appeals issued its mandate on September 19, 2007. See Fourth Court of Appeals, Case Search Results on Case # 04-06-0499-CR, http://www.4thcoa.courts.state.tx.us/opinions/case.asp?FilingID=20609 (last visited Jan. 6, 2009). And this is what may account for Aguirre's statement.

Criminal Appeals (the "CCA"); Aguirre also indicates that he did not file a state application for writ of habeas corpus.[3]

The instant Petition was filed in the United States District Court for the Western District of Texas, San Antonio Division.[4] (Dkt. No. 1 at 3.) Pursuant to 28 U.S.C. § 2241(d), the case was transferred to the Southern District, Laredo Division, on August 21, 2008. (Dkt. No. 1 at 1-2.) Upon transfer, the case was assigned to the Honorable U.S. District Judge George P. Kazen, and, on September 10, 2008, was referred by Judge Kazen to the undersigned Magistrate Judge for plenary pre-trial handling, ruling on non-dispositive motions, and findings of fact and recommendations of law on dispositive motions. (Dkt. No. 2.)

## Discussion

### I.  Legal Standard

Title 28 U.S.C. § 2254 imposes an exhaustion requirement on state habeas petitioners.[5] Under § 2254, "[a]n application for a

---

[3] The Court has confirmed this by searching for Aguirre's petition for discretionary review and state application for writ of habeas corpus in the CCA's online database. See Texas Court of Criminal Appeals Case Search, http://www.cca.courts.state.tx.us/opinions/casesearch.asp (searching by "Style" for "Aguirre") (last visited March 11, 2009).

[4] Aguirre certifies that he executed the Petition on August 4, 2008, but that it was not placed in the prison mailing system until August 6, 2008. (Dkt. No. 1 at 12.)

[5] A reviewing court may raise a petitioner's failure to exhaust sua sponte. Dickinson v. Texas, 2008 WL 828054, at *1 (S.D. Tex. March 27, 2008) (citing Tigner v. Cockrell, 264 F.3d 521, 526 (5th Cir. 2001), cert. denied, 534 U.S. 1164 (2002)).

writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the [petitioner] has exhausted the remedies available in the courts of the State . . . ." 28 U.S.C. § 2254(b)(1)(A). In other words, prior to proceeding in federal court, a federal habeas petitioner must fully exhaust all available state court remedies.[6] Morris v. Dretke, 413 F.3d 484, 490 (5th Cir. 2005).

A federal habeas corpus petitioner shall not be deemed to have exhausted all available state court remedies if he has the right under state law to raise the question presented by any available procedure. 28 U.S.C. § 2254(c). The exhaustion requirement is satisfied if the habeas corpus petitioner presents his claims to the highest state court through either direct appeal or post-conviction collateral proceedings. Busby v. Dretke, 359 F.3d 708, 723 (5th Cir. 2004); Whitehead v. Johnson, 157 F.3d 384, 387 (5th Cir. 1998). In Texas, the highest court having criminal jurisdiction is the Texas Court of Criminal Appeals. Bautista v. McCotter, 793 F.2d 109, 109 (5th Cir. 1986). Thus, a habeas corpus petitioner in Texas may

---

[6] There are two statutory exceptions to this exhaustion requirement. A habeas corpus petitioner is not required to exhaust state remedies where (1) there is an absence of available State corrective process, or (2) circumstances exist that render such process ineffective to protect the petitioner's rights. 28 U.S.C. § 2254(b)(1)(B). Neither of these exceptions apply here. State process remains available, and Aguirre makes no reference in the Petition to the existence of circumstances that render such process ineffective to protect his rights.

exhaust available state remedies by presenting his claims to the CCA in the following ways: (1) he may make a direct appeal to the intermediate state court of appeals and then file a petition for discretionary review with the CCA; and/or (2) he may file with the convicting court a state application for the writ of habeas corpus, which will be forwarded to the CCA by operation of law. <u>Dickinson v. Texas</u>, 2008 WL 828054, at *2 (S.D. Tex. March 27, 2008) (citing TEX. CODE CRIM. PROC. art. 11.07 § 3(c); <u>Busby</u>, 359 F.3d at 723).

    II.   <u>Analysis</u>

As clearly indicated by the Petition, and as independently confirmed by the Court, Aguirre has not presented his claims to the CCA on either direct or collateral review. Rather, it appears that after his conviction was affirmed by the Fourth Court of Appeals on direct appeal, Aguirre filed for habeas corpus relief in the federal courts. As such, Aguirre prematurely filed for federal habeas corpus relief of state custody imposed pursuant to his state conviction.

<u>RECOMMENDATION</u>

Because it plainly appears from the Petition that Aguirre is not entitled to relief, the Magistrate Judge RECOMMENDS that the Petition be DISMISSED for failure to exhaust state remedies prior to proceeding in federal court as required by 28 U.S.C. § 2254.

## Objections

The parties are on notice that they have ten (10) days from the date on which they are served with a copy of this Report and Recommendation to file specific written objections to the findings, conclusions, and recommendations of the Magistrate Judge. 28 U.S.C. § 636(b)(1)(C). Failure to file written objections within ten days after being served with a copy shall bar an aggrieved party from *de novo* review by the district judge of those proposed findings, conclusions, and recommendations. Id. Failure to file written objections within ten days after service shall also bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district judge. Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996).

The Clerk of Court is DIRECTED to send a copy of this Report and Recommendation to Petitioner Aguirre via certified mail, return receipt requested. The Clerk of Court is also DIRECTED to send a copy of this Report and Recommendation to the Attorney General of the State of Texas on behalf of Respondent Nathaniel A. Quarterman.

IT IS SO ORDERED.

SIGNED this 11th day of March, 2009.

_____
Diana Saldaña
United States Magistrate Judge